# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| FILED |
|---|
| Aug 05, 2021 |
| CLERK, U.S. DISTRICT COURT |
| EASTERN DISTRICT OF CALIFORNIA |

In the Matter of the Search of )
)
INFORMATION ASSOCIATED WITH THE )  Case No. 2:21-sw-0633-JDP
FACEBOOOK USER ID 100001225138035 )
)  **SEALED**
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the ___Eastern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 113(a)(6) and 3261(a)(2) | Assault Resulting in Serious Bodily Injury by a Person Employed by the Armed Forces Outside the United States, pursuant to the Military and Extraterritorial Jurisdiction Act |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☐ Continued on the attached sheet.
- ☒ Delayed notice _____ days (give exact ending date if more than 30 days: __2/4/2022__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ David Cochran
*Applicant's signature*

David Cochran, Special Agent, FBI
*Printed name and title*

Sworn to me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d).

Date: August 5, 2021

*Judge's signature*

City and state: Sacramento, California      Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

PHILLIP A. TALBERT
Acting United States Attorney
JILL M. THOMAS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of:<br><br>INFORMATION ASSOCIATED WITH THE FACEBOOOK USER ID 100001225138035 | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A WARRANT TO OBTAIN LOCATION DATA FROM A SERVICE PROVIDER<br><br>**UNDER SEAL** |
|---|---|

I, David Cochran, being first duly sworn, hereby depose and state as follows:

**I.      INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since January 2021.  I am currently assigned to investigate domestic terrorism matters.  I have received training and have field experience analyzing cellular telephone data, to include location data, to further investigations.

2.      This Affidavit is made in support of an application for a search warrant to search the Target Account, more fully described in Attachment A, attached hereto and incorporated herein by reference, for evidence, instrumentalities, and proceeds, more fully described in Attachment B, attached hereto and incorporated herein by reference, for violations of: 18 U.S.C. §§ 113(a)(6) and 3261(a)(2) – Assault Resulting in Serious Bodily Injury by a Person Employed by the Armed Forces Outside the United States, pursuant to the Military and Extraterritorial Jurisdiction Act (the "Subject Offense").

/ / /

1

3. The facts set forth in this Affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. This Affidavit is intended to show that there is probable cause to believe that evidence, more fully described in Attachment B, for the Subject Offense listed above will be found in the Target Account, more fully described in Attachment A, and does not purport to set forth all of my knowledge of or investigation into this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that GERALD LEON RAY, III, has violated 18 U.S.C. §§ 113(a)(6) and 3261(a)(2). A federal grand jury indicted RAY on June 17, 2021, with a violation of 18 U.S.C. §§ 113(a)(6) and 3261(a)(2). As a result, a federal magistrate judge issued an arrest warrant on that same date. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting RAY, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

5. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i), *see* 18 U.S.C. § 2711(3)(A)(ii).

## II. STORED WIRE AND ELECTRONIC COMMUNICATION ACCESS

6. Title 18, United States Code, Chapter 121, Sections 2701 through 2711, is entitled "Stored Wire and Electronic Communications and Transactional Records Access."

   a. Title 18, United States Code, Section 2703(a) provides, in part:

   > A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

  b.  Title 18, United States Code, Section 2703(b) provides, in part:

> (1) A governmental entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection -
>
> > (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant….
>
> (2) Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service-
>
> > (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computer service; and
> >
> > (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

  c.  The government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant. *See* 18 U.S.C. § 2703(c)(1)(A).

  d.  The statute permits the warrant to be served on the provider, who will then disclose the relevant records to the officer, who need not be onsite at the time the search is executed. Title 18, United States Code, Section 2703(g), provides, in part:

> Presence of Officer Not Required - Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber to or customer of such service.

  e.  Title 18, United States Code, Section 2711, provides, in part:
> As used in this chapter -
> (1) the terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section;
>
> (2) the term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

3

f.	Title 18, United States Code, Section 2510, provides, in part:

(8) "contents," when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication; . . .

(14) "electronic communications system" means any wire, radio, electromagnetic, photo-optical or photo-electronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications; . . .

(15) "electronic communication service" means any service which provides to users thereof the ability to send or receive wire or electronic communications; . . .

(17) "electronic storage" means -

(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and

(B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

### III.	FACEBOOK TECHNICAL BACKGROUND

7.	Facebook Inc. ("Facebook") owns and operates a free-access social networking website of the same name that can be accessed at http://www.facebook.com. Facebook allows its users to establish accounts through which users can share written news, photographs, videos, and other information with other Facebook users, and sometimes with the general public.

8.	Facebook asks users to provide basic contact information, either during the registration process or thereafter. This information may include the user's full name, birth date, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers. Facebook also assigns a user identification number to each account.

9.	Facebook users can select different levels of privacy for the communications and information associated with their Facebook accounts. By adjusting these privacy settings, a Facebook user can make information in the user's account available only to himself or herself, to other specified Facebook users, to all Facebook users, or to anyone with access to the Internet, including people who are not Facebook users. Facebook accounts also include other account settings that users can adjust to

control, for example, the types of notifications they receive from Facebook. Depending on the user's privacy settings, Facebook may also obtain and store the physical location of the user's device(s) as they interact with the Facebook service on those device(s).

10. Facebook users may join one or more groups or networks to connect and interact with other users who are members of the same group or network. A Facebook user can also connect directly with individual Facebook users by sending each user a "Friend Request." If the recipient of a "Friend Request" accepts the request, then the two users will become "Friends" for purposes of Facebook and can exchange communications or view information about each other. Each Facebook user's account includes a list of that user's "Friends" and a "Mini-Feed," which highlights information about the user's "Friends," such as profile changes, upcoming events, and birthdays.

11. Facebook users can create profiles that include photographs, lists of personal interests, and other information. Facebook users can also post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet. Facebook users can also post information about upcoming "events," such as social occasions, by listing the event's time, location, host, and guest list. A particular user's profile page also includes a "Wall," which is a space where the user and his or her "Friends" can post messages, attachments, and links that will typically be visible to anyone who can view the user's profile.

12. Facebook has a Photos application, where users can upload an unlimited number of albums and photos. Another feature of the Photos application is the ability to "tag" (i.e., label) other Facebook users in a photo or video. When a user is tagged in a photo or video, he or she receives a notification of the tag and a link to see the photo or video. For Facebook's purposes, a user's "Photoprint" includes all photos uploaded by that user that have not been deleted, as well as all photos uploaded by any user that have that user tagged in them.

13. Facebook users can exchange private messages on Facebook with other users using Facebook Messenger. Facebook users can also post comments on the Facebook profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile.

/ / /

14. In addition to the applications described above, Facebook also provides its users with access to thousands of other applications on the Facebook platform. When a Facebook user accesses or uses one of these applications, an update about that the user's access or use of that application may appear on the user's profile page.

15. Some Facebook pages are affiliated with groups of users, rather than one individual user. Membership in the group is monitored and regulated by the administrator or head of the group, who can invite new members and reject or accept requests by users to enter. Facebook can identify all users who are currently registered to a particular group and can identify the administrator and creator of the group. Facebook also assigns a group identification number to each group. Facebook uses the term "Group Contact Info" to describe the contact information for the group's creator and administrator, as well as the current status of the group profile page.

16. Facebook also retains IP address logs for a given user ID or IP address. These logs may contain information about the actions taken by the user ID or IP address on Facebook, including information about the type of action, the date and time of the action, and the user ID and IP address associated with the action.

17. Social networking providers like Facebook typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service used, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, Facebook users may communicate directly with Facebook about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Facebook typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

18. Therefore, the computers of Facebook are likely to contain all the material just described, including stored electronic communications and information concerning subscribers and their use of Facebook, such as account access information, transaction information, and account application.

/ / /

/ / /

### IV. PROBABLE CAUSE

19. On or about July 26, 2020, GERALD LEON RAY, III, was a civilian employed by the Armed Forces outside the United States, as defined in Title 18, United States Code, Section 3267(1), specifically, by the Defense Commissary Agency ("DCA"), in the Republic of Korea. The DCA was an agency of the Department of Defense.

20. On or about July 26, 2020, GERALD LEON RAY, III, was residing in the Republic of Korea in connection with his employment with the DCA. On or about July 26, 2020, in or around Pyeongtaek, in the Republic of Korea, GERALD LEON RAY, III, did assault Victim 1 by intentionally striking Victim 1 in the side of the head, thereby causing Victim 1 serious bodily injury.

21. On June 17, 2021, a federal grand jury in the Eastern District of California returned a single-count indictment against GERALD LEON RAY, III, charging him with 18 U.S.C. §§ 113(a)(6) and 3261(a)(2) – Assault Resulting in Serious Bodily Injury by a Person Employed by the Armed Forces Outside the United States, pursuant to the Military and Extraterritorial Jurisdiction Act. Subsequently, on June 17, 2021 an arrest warrant was issued by United States Magistrate Judge Deborah Barnes, in the Eastern District of California, charging GERALD LEON RAY, III with one count of 18 U.S.C. §§ 113(a)(6) and 3261(a)(2) – Assault Resulting in Serious Bodily Injury by a Person Employed by the Armed Forces Outside the United States, pursuant to the Military and Extraterritorial Jurisdiction Act.

22. On May 25, 2021, the Federal Bureau of Investigation was notified RAY had left the Republic of Korea on or around February 28, 2021. On June 1, 2021, your affiant spoke with the Federal Bureau of Investigation Berlin Legal Attaché attempting to obtain information on RAY's travel to Germany; no additional information was provided to your affiant regarding RAY's location. In attempting to locate RAY's whereabouts, the Federal Bureau of Investigation located a Facebook account with username Gerald Ray, user ID 100001225138035. Numerous photos of the account user, Gerald Ray, were posted to this account as profile pictures or posts as recently as July 4, 2021 where the account user indicated they were in Palma de Mallorca, Spain via a post on their timeline.

23. Your affiant has seen several known photographs and surveillance videos of RAY from the night of the assault, which occurred on or around July 26, 2020 in the Republic of Korea where RAY was previously employed and residing. These photographs and videos were reviewed by your affiant as

7

part of the Federal Bureau of Investigation's involvement in this investigation due to the subject's last known residency located in the Eastern District of California. Further, your affiant believes the person depicted in the Facebook account associated with user ID 100001225138035 is in fact RAY, the individual being sought, and that historical (since February 28, 2021 – the date which RAY left the Republic of Korea) and prospective location information from Facebook will assist law enforcement efforts to locate and arrest him. Specifically, the geolocation data from Facebook will allow the Federal Bureau of Investigation to determine the current whereabouts of RAY via the Global Positioning System (GPS) coordinates provided by Facebook. The GPS coordinates provided (longitude and latitude) will assist in locating RAY so law enforcement can effect an arrest. Historical location data provided by Facebook will allow law enforcement to review RAY's travel since leaving the Republic of Korea, which will also provide necessary information to locate the subject and effect the arrest.

### V.     AUTHORIZATION REQUEST

24.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

25.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until February 4, 2022, approximately six months from the execution of the warrant. Your affiant is requesting greater than 30 days due to the time required to locate the subject overseas. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Facebook account would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

26. I further request that the Court direct Facebook, Inc. to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Facebook, Inc. I also request that the Court direct Facebook, Inc. to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Facebook, Inc.'s services. The government shall reasonably compensate Facebook, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

27. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to obtain information recorded outside of daytime hours.

28. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

/s/ David Cochran
David Cochran
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically on: August 5, 2021

Hon. Jeremy D. Peterson
U.S. MAGISTRATE JUDGE

/s/JILL THOMAS
Approved as to form by AUSA JILL M. THOMAS (signed electronically)

In addition, to ensure technical compliance with 18 U.S.C. §§ 3121-3127, I also request that this warrant shall also function as a pen register order. I thus certify that the information, under oath, that likely to be obtained is relevant to an ongoing criminal investigation conducted by the Federal Bureau of Investigation, based on the agent's affidavit herein. *See* 18 U.S.C. §§ 3122(b), 3123(b).

## ATTACHMENT A

### Property to Be Searched

This Search Warrant is being sought for the data specified in Attachment B associated with the following Facebook User ID:

    100001225138035

hosted by Facebook Inc., 1601 Willow Road, Menlo Park, California, USA.

## ATTACHMENT B

## Particular Things to be Seized

**I.  Information to be disclosed by Facebook, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook, Facebook is required to disclose the following information to the government for each User ID listed in Attachment A:

(a)  All physical location data collected by Facebook for the user of the account, including any: (1) prospective data collected by Facebook's location services via the user's mobile phone or other device, on a real-time or near-real-time basis. Facebook is required to provide any such data they collect, regardless of the time of day, and (2) historical location data, as further set forth in this attachment.

**II.  Information to be seized by the government**

(a)  All data disclosed by Facebook pursuant to this attachment. This data shall be made accessible by the provider to the FBI 24/7, day or night, and/or emailed to Special Agent David Cochran at dcochran@fbi.gov

**III.  Time for production by provider**

The provider shall begin producing the information required by this attachment within seven days of the date of service of the warrant.

**IV.  Time Frame and Duration of production**

With regard to the provision of historical location data, Facebook shall produce the information required by this attachment dating from February 28, 2021, through the date on which Facebook is served with this warrant.

With regard to prospective location data, Facebook shall produce the information required by this attachment for a period of 30 days starting when Facebook is served with this warrant.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>INFORMATION ASSOCIATED WITH THE FACEBOOOK USER ID 100001225138035 | )<br>)<br>)  Case No.   2:21-sw-0633-JDP<br>)<br>)  **SEALED**<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California    
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**
This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A). Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before     August 19, 2021     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of   2/4/2022   .

Date and time issued:   August 5, 2021 at 4:43 p.m.                                                          *(signature)*
                                                                                                      *Judge's signature*

City and state:     Sacramento, California                     Jeremy D. Peterson, U.S. Magistrate Judge
                                                                       *Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____    _____
       Signature of Judge                              Date

## ATTACHMENT A

### Property to Be Searched

This Search Warrant is being sought for the data specified in Attachment B associated with the following Facebook User ID:

    100001225138035

hosted by Facebook Inc., 1601 Willow Road, Menlo Park, California, USA.

## ATTACHMENT B

## Particular Things to be Seized

**I.      Information to be disclosed by Facebook, Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook, Facebook is required to disclose the following information to the government for each User ID listed in Attachment A:

(a)     All physical location data collected by Facebook for the user of the account, including any: (1) prospective data collected by Facebook's location services via the user's mobile phone or other device, on a real-time or near-real-time basis. Facebook is required to provide any such data they collect, regardless of the time of day, and (2) historical location data, as further set forth in this attachment.

**II.     Information to be seized by the government**

(a)     All data disclosed by Facebook pursuant to this attachment. This data shall be made accessible by the provider to the FBI 24/7, day or night, and/or emailed to Special Agent David Cochran at dcochran@fbi.gov

**III.    Time for production by provider**

The provider shall begin producing the information required by this attachment within seven days of the date of service of the warrant.

**IV.    Time Frame and Duration of production**

With regard to the provision of historical location data, Facebook shall produce the information required by this attachment dating from February 28, 2021, through the date on which Facebook is served with this warrant.

With regard to prospective location data, Facebook shall produce the information required by this attachment for a period of 30 days starting when Facebook is served with this warrant.